THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* H. A. WOOTTON & CO., INC., and Others, Defendants.

Supreme Court, Erie County, April 30, 1931.

*John J. Bennett, Jr., Attorney-General* [*James P. Cotter* of counsel], for the plaintiff.

*Buecking & Sengbusch* [*William C. Sengbusch* and *Matthew Tiffany* of counsel], for the defendants.

HARRIS, J. This is an application made on behalf of the individual defendants Harold A. Wootton and Arthur W. Wootton, for an order to vacate or modify a final judgment entered in the above-entitled action, December 26, 1928, permanently enjoining the defendants in such action from " issuing, selling, promoting, negotiating, advertising, distributing, or offering for sale, or otherwise dealing in stocks, bonds, notes, evidences of interest or indebtedness or other securities, or engaging in the business of stockbrokers within the State of New York, except that the above-named defendants may sell or offer for sale or otherwise deal in stocks, bonds and other securities within or from the State of New York, as agents for others and not as principals for and on their own behalf." Such judgment further permanently enjoins the defendant from engaging in fraudulent practices as defined in article 23-A of the General Business Law of the State, and directs the liquidation of the defendant corporation. Pursuant to such judgment, the defend-

ant corporation has been liquidated and it is no longer transacting business. This action was brought under the provisions of article 23-A of the General Business Law, commonly known as the Martin Act, and the complaint herein, in its allegations of fraudulent practices, is so broad as to include any type of fraudulent practice forbidden by such Martin Act. The judgment herein is based on a stipulation made by the defendants and consenting to its entry, including the language above quoted. The moving defendants now desire to be relieved from that portion of the stipulation and judgment which forbids their dealing in stocks or securities or evidences of indebtedness, or engaging in the business of stockbrokers on their own account, it being the desire of such defendants to enter into business on their own account. It will be noted that the judgment itself permitted the defendants to act as agents for others in the conduct of such business, and I can see no reason, if so permitted, why they should not be permitted to engage in business on their own account, providing that their transactions are legitimate and free of fraud. The moving defendants may have an order relieving them from the stipulation, in so far as it bound them not to engage in business on their own account and modifying the judgment herein so as to provide that they may enter into business on their own account, either separately or together, providing that their practices are legitimate and without fraud. Such modification will leave existing that portion of the judgment which forbade the defendants to engage in fraudulent practices, and their failure to obey that portion of the judgment can lead to punishment for contempt of court. This application is granted, without costs.